IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Seaton H. Letts, | ) | C/A No.: 1:12-731-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Kenny Atkinson, | ) | |
| | ) | |
| Respondent. | ) | |

The court has reviewed the record in this matter and notes that Petitioner's statutory claim pursuant to 18 U.S.C. § 3585(b) for credit for time served in Jamaica turns on whether Petitioner was arrested and detained on local charges, as Respondent maintains, or pursuant to an extradition request by the United States government, as Petitioner contends.

Petitioner has produced some evidence to support his contention that he was arrested and detained based upon a request by the United States government. The record, however, remains insufficiently developed. In particular, the evidence offered by Respondent regarding the grounds for Petitioner's arrest in Jamaica and the circumstances of the extradition warrant prepared by the United States is incomplete and conclusory.

Accordingly, it is hereby ordered that Respondent provide the court with the following supplementary information by November 5, 2012:

(i) any and all information pertaining to the circumstances of Petitioner's arrest in Jamaica on or around November 25, 2004, including evidence

demonstrating that Petitioner was arrested on local criminal charges, or upon a request from the United States. In addition, Respondent shall provide the court with any and all information, including declarations by individuals with knowledge, demonstrating the date upon which Jamaica first issued formal criminal charges against Petitioner;

(ii) any and all information in its possession regarding the extradition request made by the United States, including a detailed chronological statement of all actions taken by the United States previously and up to that date with respect to the detention and extradition of Petitioner by Jamaica;

(iii) all attempts to authenticate or challenge the authenticity of the documents attached to Petitioner's Response; and

(iv) an acknowledgement that, to accept Respondent's position that Petitioner was given credit towards his Jamaican sentence, Petitioner would have served in excess of his custodial sentence of 48 months in Jamaica, to wit: The record reflects that Petitioner was in continuous custody during the 750 days between November 25, 2004 and December 14, 2006. (*See* Criminal Action, Entry #502 at ¶133 (presentence report)("From November of 2004 until October 2009, [Petitioner] was incarcerated in Jamaica.")). If the 750 days credit had been applied to the Jamaican sentence, Petitioner would have served more than 56 months between his arrest on November 25, 2004 and the completion of his Jamaican sentence on August 15, 2009.

IT IS SO ORDERED.

October 15, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge