IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Seaton H. Letts, | ) | C/A No.: 1:12-731-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Kenny Atkinson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Seaton H. Letts ("Petitioner") is a federal prisoner serving a 180-month sentence at the Federal Correctional Institution (FCI) in Edgefield, South Carolina, having been convicted of a conspiracy to distribute crack cocaine, 18 U.S.C. 846, in the United States District Court for the District of South Carolina. On March 13, 2012, he filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has failed to properly calculate his sentence by denying him credit for time served in a Jamaican jail while awaiting extradition to the United States. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's Motion to Dismiss/Summary Judgment [Entry #17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by July 19, 2012. [Entry #18]. Petitioner filed a timely response on July 2, 2012. [Entry #20], and Respondent filed a reply on July 11, 2012 [Entry #24].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment[1] be denied, but that the habeas petition be dismissed as moot.

Factual and Procedural Background

Petitioner's federal sentence was imposed on June 22, 2010, with the charge stemming from an August 28, 2002 indictment and arrest warrant. *See USA v. Letts*, Cr. No. 4:02-930-TLW-1 ("Criminal Action"), Entry #504 (judgment); #17 (indictment); #18 (arrest warrant). Petitioner fled to Jamaica in 2002, where he was arrested on November 25, 2004. [Criminal Action, Entry #502 at 18 (fled in 2002) ("Presentence Report")].

Following his November 25, 2004 arrest in Jamaica, Plaintiff alleges he was held on a detainer on an "Arrest Body Warrant in connection with a Federal Arrest and Extradition Warrant, arising out of the Federal Indictment" that "was executed by a special fugitive Apprehension Squad with local authorities." *See* Response, Entry #20 at 2. Petitioner claims that after he was arrested pursuant to the extradition warrant, the Jamaican authorities obtained a search warrant for his Jamaican home, which led to the Jamaican charges of Illegal Possession of a Firearm and Possession of Marijuana. *See* Response, Entry #20 at 2. He claims that he was held on the federal detainer until he was sentenced in Jamaica on December 14, 2006.

In his motion and reply, Respondent originally argued that there was no evidence to support Petitioner's contention that his arrest on November 25, 2004 by Jamaican

---

[1] Because the undersigned has considered matters outside the pleadings, Respondent's motion has been treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

authorities was due to the previously-issued federal arrest warrant. Rather, Respondent argued that Petitioner was arrested by Jamaican authorities for the Jamaican offenses, citing to the Probation Officer's note in the addendum to the Presentence Report that "Although Jamaican authorities may have been attempting to serve the provisional warrant issued by the United States District Court, District of South Carolina, the defendant was actually arrested by Jamaican authorities for the new crimes he had committed." [Entry #17 at 7].

Respondent indicated that it could not grant Petitioner's request because Jamaican authorities had not provided proper documentation verifying that (1) Petitioner was in continuous custody during the 750 days between November 25, 2004 and December 14, 2006, (2) the 750 days credit had not been applied to the Jamaican sentence, and (3) that his arrest by Jamaican authorities was based on the previously-issued federal extradition warrant, rather than solely on the Jamaican charges. Respondent stated that it had made a concerted effort to obtain the proper documentation from Jamaican authorities, but that the Jamaican authorities had not responded as of the date of Respondent's filings.

## Supplemental Filings

The undersigned issued an order on August 24, 2012 directing Respondent to follow up with the appropriate authorities and submit a status report that addressed the foregoing verification. [Entry #26]. By status report filed October 9, 2012, Respondent stated that the BOP Designation and Sentence Computation Center had been unsuccessful in obtaining the relevant information. [Entry #30].

The undersigned issued another order on October 15, 2012 [Entry #31], directing that Respondent provide the court with supplementary information by November 5, 2012, including an acknowledgement that, to accept Respondent's position that Petitioner was given credit towards his Jamaican sentence, Petitioner would have served in excess of his custodial sentence of 48 months in Jamaica, to wit: The record reflects that Petitioner was in continuous custody during the 750 days between November 25, 2004 and December 14, 2006. (*See* Criminal Action, Entry #502 at ¶133 (Presentence Report)("From November of 2004 until October 2009, [Petitioner] was incarcerated in Jamaica.")). If the 750 days credit had been applied to the Jamaican sentence, Petitioner would have served more than 56 months between his arrest on November 25, 2004 and the completion of his Jamaican sentence on August 15, 2009.

By supplement filed November 5, 2012, Respondent reported that based upon newly-obtained information from the Jamaican authorities, the BOP determined that Petitioner was in fact in the pretrial custody of Jamaican authorities on both federal and Jamaican charges from November 25, 2004, the day of his arrest, to December 13, 2006, the day before his Jamaican sentence was imposed. [Entry #34 at 3]. Respondent noted that the Jamaican authorities informed the BOP that the Jamaican sentence computation gave the Petitioner a parole eligible date of April 13, 2008, a "latest date of release" of December 13, 2010, and an actual release date of August 13, 2009. Respondent notes that "[w]hile the Jamaican authorities have still not provided specific information regarding whether or not any pre-trial detention time was credited toward the Jamaican sentence, in reviewing all of the information provided by the Jamaican authorities to this

date, the BOP has determined that it more than reasonably appears that the Petitioner was not credited with any of the pre-trial detention time on his 4-year Jamaican term of imprisonment." [Entry #34 at 4].

Therefore, the BOP amended Petitioner's federal sentence computation to reflect that he has been credited with 749 days additional jail credit toward his federal sentence. [Entry #34 at 4]. This encompasses the entire time period of November 25, 2004, the day of his arrest, to December 13, 2006, the day before his Jamaican sentence was imposed. *Id.* Additionally, the BOP represents that it has credited Petitioner with one other additional day of jail credit for August 14, 2009, based upon his release date from Jamaican authorities. *Id.*

On the record presented, it appears that the BOP has acknowledged Petitioner's requested relief and credited him with the appropriate additional jail credit. Therefore, it is recommended that Respondent's Motion to Dismiss/Summary Judgment [Entry #17] be denied and the petition for writ of habeas corpus be deemed moot.

IT IS SO RECOMMENDED.

November 20, 2012                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).