

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| STEVEN H. LETTS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:12-731-MGL-SVH |
| | § | |
| KENNY ATKINSON, | § | |
| Respondent. | § | |

ORDER DENYING PETITIONER'S MOTION FOR FEDERAL COM[P]UTATION

This case was originally filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for consideration of Petitioner's Motion for Federal Com[p]utation. Having considered the motion, the response, the record and the relevant law, the Court is of the opinion that this motion should be denied..

This case was originally entered by the Clerk of Court on March 13, 2012. In the petition, Petitioner argued that he was entitled to 750 days of credit toward his 180-month sentence because he was being held by Jamaican authorities for that period of time pursuant to a Federal Arrest and Extradition Warrant executed by the United States. Respondent and the Magistrate Judge ultimately agreed with his position.

Consequently, the Magistrate Judge entered a Report and Recommendation (Report) in this case on November 20, 2012, suggesting that the Petition be deemed as moot. Petitioner failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face

of the record . . . to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Finding "no clear error on the face of the record," *Diamond*, 416 F.3d at 315, the Court adopted the Report on December 13, 2012, dismissing the petition as moot. Judgment was filed on the same day. Petitioner failed to file an appeal with the Fourth Circuit.

But, then on March 17, 2014, the Clerk of Court entered Petitioner's Motion for Federal Com[p]utation. First, the Court construes this motion as Petitioner's untimely objections to the Report. Thus, the motion could be denied on that basis alone.

But, even if the Court were to consider the merits of Petitions's motion, the motion would still be denied. Petitioner now asks the Court to, in effect, order the Bureau of Prisons grant to him an additional two years and eight months for time that he was serving a Jamaican prison sentence. But, he is not entitled to credit for the time that he was serving a sentence on independent Jamaican charges. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . .as a result of the offense for which the sentence was imposed; or . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.").

Therefore, for the reasons set forth above, Petitioner's Motion for Com[p]utation is **DENIED**.

An order denying relief in a § 2241 proceeding is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will

issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing.  Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 24th day of February, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.